195   589
22 SC ² 82

## Girard Fire and Marine Insurance Company v. Canan.

*Payment—Receipt—Evidence.*

A mere informal receipt although stated to be " in full " is not conclusive, but is susceptible of explanation.

*Payment—Discharge— Accord and satisfaction.*

Payment of part of a debt due without a release under seal although received in full satisfaction, will not discharge the debt.

A solicitor of a building association which had agreed to lend money to a person to pay a debt to another building association gave the borrower a check to the order of the second association " in full " of claims against the borrower. The amount represented by the check was less than half of the amount of the debt. The borrower was given the check and he handed it to the secretary of the association to whom he was indebted, the secretary receiving the check without noticing that it was in full of all claims. The solicitor of the first association taking the borrower's statement as correct that the other association had been paid in full, permitted his own association to take a mortgage without ascertaining whether the mortgage of the other association had been satisfied. There was no evidence of an agreement by any one in behalf of the association to whom the borrower was first indebted to accept the partial payment as a full payment of the debt. On a subsequent sale of the borrower's land the fund realized was not sufficient to pay both mortgages. *Held*, that the first mortgage should be paid in full before anything should be paid on account of the second.

Argued April 19, 1900. Appeal, No. 123, Jan. T., 1900, by Washington Loan & Building Association No, 2, from order of C. P. Blair Co., June T., 1899, No. 55, distributing fund arising from sheriff's sale of real estate, in case of the Girard Fire & Marine Insurance Company v. John A. Canan. Before GREEN, C. J., MITCHELL, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Exceptions to auditor's report, J. H. Craig, Esq., auditor.

The facts appear by the opinion of BELL, P. J., which was as follows :

The auditor, from competent and sufficient evidence, substantially finds the facts to be as follows:

On February 24, 1896, John A. Canan was indebted to the People's Building and Loan Association in an amount liquidating at $3,249.54. Mr. Canan was negotiating a loan from the Washington Loan and Building Association, to repay, inter alia, said debt due to the People's Building and Loan Association. On that day John A. Doyle, Esq., solicitor for the Washington, gave to Mr. Canan a check, payable to the People's Building and Loan Association, for $1,254.71, marked "In full claims vs. J. A. Canan." Mr. Canan handed this check to Professor Keith, secretary of the People's who gave him a receipt, not in full, but on account, and credited same on account. The treasurer of the People's duly banked said check. No one connected with the Washington paid any more attention to the matter in order to definitely ascertain what had become of the check. Mr. Doyle, however, assuming from statements of Mr. Canan that the People's had been paid in full, consummated the loan by the Washington, paying out the entire amount of said loan, and taking a mortgage therefor. Mr. Doyle seems to have been careless in ascertaining, or even attempting to ascertain, whether the mortgage to the People's was satisfied. He only ascertained the fact that said mortgage was unsatisfied shortly before the sheriff's sale in 1897. At said sheriff's sale the property did not bring a sufficient amount to pay both the said mortgage of the People's and said mortgage of the Washington. If the mortgage of the People's at the time of said sale, was a valid, subsisting lien, the Washington will get nothing, the People's not even being paid in full.

Under the facts in the case the auditor decided that the mortgage of the People's was such valid, subsisting lien; in so deciding, I think the auditor was correct.

If we assume that the check for $1,254.71, marked "in full claims vs. J. A. Canan," partakes of the nature of a receipt, certainly it was a receipt of the most informal kind, and was, as the auditor states, susceptible of explanation; it would not come in the same category as solemn receipts in deeds, or receipts given as in full of all accounts, after a settlement between the parties, and the doctrine of Rhoads's Estate, 189 Pa. 460, as to the degree of proof necessary to overcome its force would not, I think, be applicable.

But, assuming the check to be a receipt in full, would not the legal rule apply that " payment of part of a debt due without a release under seal, although received in full satisfaction, will not discharge the debt?" Hartman v. Danner, 74 Pa. 36. Unquestionably said legal rule is a technical one and has been greatly relaxed; but such relaxation has been to compel the party creditor to carry out his agreement not to give the party debtor an unfair advantage. Most of the cases cited by counsel for exceptants were instances where the creditor had agreed to accept something in full satisfaction ; after receipt of same he sought to shelter himself behind the said technical legal rule cited from Hartman v. Danner, supra; the court, in order to avoid said rule, applied the doctrine of accord and satisfaction. But, as a general rule, this doctrine of accord and satisfaction rests for its foundation on a mutual agreement between the respective parties, between the debtor and creditor, or between the creditor and the third party making the payment. That this is so is shown by most of the authorities cited by said counsel. " It must be proved not only that the thing was delivered, but that it was received in satisfaction:" Parsons on Contracts (6th ed.), *685. There must be an " aggregatio mentium:" Fuller v. Kemp, 20 Law. Ann. Rep. 801. And that there must be such mutual agreement, even when the note or check, of a third party constitutes the consideration is shown by the syllabus in Lauer v. Yetzer, 3 Pa. Superior Ct. 461. It is there said:

" Where a creditor accepts the note of a third person in payment of his debt, a novation takes place, but the mere acceptance of such note, however, does not constitute a novation without some evidence that it was taken in satisfaction of the debt. The burden of proof is upon the party asserting the novation."

But there was no " aggregatio mentium " in the present instance. The auditor specifically so finds in his eighth finding of facts; the auditor there finds " that the People's Building and Loan Association never entered into any agreement with John A. Canan, or with any one representing him, to take $1,254.71 in full satisfaction of its claim against him."

As has already been stated in most cases cited, there was an agreement between the parties, an aggregatio mentium. In some of the cases cited, however, there is an absence of such ex-

press agreement; said latter cases rest on the doctrine of estoppel. "One who accepts a payment tendered to him in full satisfaction of his claim is estopped from claiming thereafter a balance on such claim:" Economy Coal, etc., Co. v. Bracewell, 78 Ill. App. 335.

But "it rests upon the party setting up an estoppel to show the grounds on which it rests:" Wood v. Bullard, 151 Mass. 331; such "party" should "show," as one of "the grounds" of an estoppel, knowledge on part of the creditor to be estopped, for without knowledge there can be no estoppel.

In 11 Am..& Eng. Ency. of Law (new ed.), p. 433, it is said: "It may be stated as a general rule, that the representation or concealment relied on to sustain an estoppel must have been made with full knowledge of the facts by the party to be estopped, unless his ignorance was the result of gross negligence. . . ."

In all the cases accessible to me, cited by counsel, analogous in anywise to the present, there was such full knowledge that the check was tendered as full payment. In the following stated cases a letter, or letters, had passed between the parties explicitly calling attention to the fact that the check, or draft, was in full, and, in some of said letters, it was stated that, if the check was not so accepted, it should be returned: Washington N. Gas Co. v. Johnson, 123 Pa. 593; Christman v. Martin, 7 Pa. Superior Ct. 572; Rumsey v. Barber, 78 Ill. App. 88; Fuller v. Kemp, 20 Law. Ann. Rep. 801. In other of the cases cited by counsel the creditor gave a receipt in full, thus conclusively showing that he knew the intent with which the payment was made; said latter cases are Golden v. Bartlett Illuminating Co., 114 Mich. 625, and Goddard v. O'Brien, L. R. 9 Q. B. Div. 37. In Keck v. Hotel Owners Mut. Fire Ins. Co., 89 Iowa, 200, the assured knew the conditions when she indorsed the draft.

But, it seems to me, that there is a marked distinction between the cases cited and the present one. In all of the said cited cases there was full knowledge; in the present instance there is no proof that any officer of the People's Building and Loan Association knowingly received a less, in payment of, a greater sum. Professor Keith, the secretary, swears that if he had noticed the words, "in full," on the check he would not have accepted it. After the secretary inadvertently had accepted it,

no estoppel could be based on the act of the treasurer in indorsing it, because the treasurer had no personal knowledge as to whether it was the exact amount due from Canan or not. The auditor finds that " there is no evidence to the effect that the officers, through whose hands the check passed, even noticed the words, ' In full claims v. J. A. Canan.'" In view of this finding, and the legal principle, heretofore alluded to, that the burden is on the Washington Loan and Building Association to establish every element of estoppel, I think the claim of estoppel is unavailing in this case.

If it be urged, however, that Secretary Keith was negligent in failing to notice the words on the check " in full," etc., the reply, it seems to me, is that Solicitor Doyle, of the Washington, was more negligent in allowing John A. Canan, the borrower, to transact business which it was the duty of Mr. Doyle personally to attend to. The auditor finds in effect that the loss, to the Washington, resulted by reason of Mr. Doyle's too implicit confidence in Mr. Canan. But by giving the check to Mr. Canan, and relying on his representations that everything was right, instead of personally going to the officials of the People's, Mr. Doyle put it in the power of Mr. Canan to do the wrong. Hence, on the principle then when one of two innocent parties must suffer for the wrongful act of a third party, he must suffer who put it in the power of such third party to do the wrong. Mr. Doyle's association, the Washington, must suffer, rather than the People's.

" It is not in evidence that Mr. Doyle had any communication whatever with the People's Building and Loan Association or any of its officers relative to the business of repaying the Canan loan. It appears that he relied upon Mr. Canan attending to it." (I quote from the auditor's report.) If, then, Mr. Doyle believed as the auditor finds he did, that the sum of $1,254.71, the amount of the check, would repay the People's in full, such belief must have been engendered by statements made by Mr. Canan, because if any liquidation was presented to him the " auditor is of the opinion that the weight of testimony shows that if a liquidation was furnished it was for the full amount," $3,249.54.

If such liquidation was furnished its very form suggested the prudent business course for Mr. Doyle to pursue, namely, to go to the treasurer of the People's, pay $3,249.54, or ascertain why

a smaller amount would be in full, and get an order to satisfy the prior mortgage. If Mr. Doyle chose not to follow such prudent business course, a course which it seems to me would be dictated by the instincts of any man of ordinary care, independent of any suggestions contained in a liquidation form, but chose rather to entrust the transaction of the affair to Mr. Canan, the borrower, and to rely on the statements of such borrower, rather than to take the trouble to communicate with officers of the People's then I think the loss occasioned by such carelessness should fall on the Washington, rather than on the People's, because the negligence of Mr. Doyle, solicitor of the Washington, was greater, and was more efficient in causing the loss, than was that of Professor Keith, secretary of the People's, in failing to notice that the check was marked "in full."

Now, March 19, 1900, the exceptions are overruled and the report of the auditor is confirmed absolutely.

*Error assigned* among others was in overruling exceptions to auditor's report.

*Thomas H. Greevy* and *John F. Sullivan*, for appellant.— Checks are to-day treated by the mercantile world and legal profession as receipts, when the manner of payment is stipulated on their face, and nearly every check has a blank line for this purpose: Rhoads's Est., 189 Pa. 463; MacDonald v. Piper, 193 Pa. 314.

A receipt in full is prima facie evidence of settlement and cannot be set aside except for weighty reasons, such as fraud, accident or mistake, which must be made to appear distinctly; if the evidence is evenly balanced, the receipts must control: Crawford v. Forest Oil Co., 189 Pa. 417; Egleston v. Knickerbacker, 6 Barb. (N. Y.) 458; Keim v. Kaufman, 15 Pa. C. C. R. 541; Washington N. Gas Co. v. Johnson, 123 Pa. 576; Rumsey & Co. v. Barber, 78 Ill. 88; Anderson v. Standard Granite Co., 92 Me. 429; Flynn v. Hurlock, 194 Pa. 462.

This check being in payment by a third party makes the case much stronger than where it was made between debtor and creditor. In such a case the doctrine of accord and satisfaction is perfectly applicable: 1 Beach on Modern Law of Contracts p. 510; Fowler v. Smith, 153 Pa. 639; Goodnow

v. Smith, 18 Pick. 414; Blackburn v. Ormsby, 41 Pa. 97; Hearn v. Kiehl, 38 Pa. 147; Hosler v. Hursh, 151 Pa. 415.

Evidence of a discharge of a debt, without a release under seal, in consideration of payment of part of the amount thereof by the check of a third person, is competent proof of an accord and satisfaction: Guild v. Butler, 127 Mass. 386; Bank v. Huston, 9 W. N. C. 477.

*Daniel J. Neff,* with him *Charles Geesey,* for appellee.—A receipt is prima facie evidence of a payment, but is not conclusive and may be explained: Hamsher v. Kline, 57 Pa. 397; Megargel v. Megargel, 105 Pa. 475; Rhoads's Est., 189 Pa. 460.

If the amount of the check had been accepted with knowledge that it was made "in full" it would not be in law a satisfaction of the debt. The legal rule would apply that payment of part of a debt, though received in satisfaction, if without a release under seal, will not have the effect of extinguishing the whole: Spruneberger v. Dentler, 4 Watts, 126; Hartman v. Danner, 74 Pa. 36; Water Co. v. Mt. Holly Springs Boro., 10 Pa. Superior Ct. 162; Harriman v. Harriman, 12 Gray (Mass.), 341; Fuller v. Kemp, 20 Law. Rep. Ann. 801; Dederick v. Leman, 9 Johns. 333.

PER CURIAM, April 30, 1900:

The decree in this case is affirmed on the opinion of the learned court below. The facts were fully and correctly found in the auditor's report, and from these facts the conclusion of law necessarily followed as expressed in the decree of distribution.

Decree affirmed and appeal dismissed at the cost of the appellant.