CRUCIBLE STEEL COMPANY OF AMERICA *vs.* PREMIER MANUFACTURING COMPANY, INC.

Third Judicial District, Bridgeport, April Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

An accord and satisfaction, like any other contract, requires a consideration and a meeting of the minds of the parties. The consideration must proceed from the debtor and be accepted by the creditor with intent to satisfy the whole claim; and if, as in the present case, the assent of the creditor is sought to be inferred from his receipt of a less sum than is claimed by him to be due, the fact that such sum was offered in discharge of the whole claim must be made known to the creditor in some unmistakable manner.

The plaintiff had a merchandise account against the defendant consisting of five items, the first three of which, amounting to $611.60, were admittedly correct, but the defendant disputed its liability

for the other two, aggregating $169.82, in a letter written the plaintiff about the middle of May, though it did offer therein to pay the smaller of the two disputed items. Receiving no reply to this letter, the defendant, on June 18th, mailed its check to the plaintiff for a sum equal to the amount of the three undisputed items ($611.60) less a trifling ($4.69) counter-charge. No letter of explanation accompanied this payment, but the following memorandum appeared upon the back of the check: "In full settlement of invoices to date $606.91," (specifying the three undisputed items aggregating $611.60, less a "contra" charge of $4.69). In sending the check the defendant intended to settle all matters in dispute. The plaintiff received the check and gave the defendant credit on its books for the items listed on the back of the check, and later sued to recover the balance of the account. Upon an appeal by the plaintiff from a judgment for the defendant, it was *held* that inasmuch as the letter of May did not treat the account as a single claim and offer to settle by the payment of a lump sum, but dealt with the separate items, proposing to pay some and not to pay another, the check, when taken as a whole and read in connection with the letter, did not, as matter of law, fairly apprize the plaintiff that if it accepted the check it must take it in satisfaction of its whole claim, but did, on the contrary, justify it in supposing that the sum so paid had reference solely to invoices listed on the back of the defendant's check, and in applying the payment accordingly.

Argued April 14th—decided May 7th, 1920.

ACTION to recover an alleged balance for merchandise sold, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error; judgment to be entered for the plaintiff.*

Prior to June 18th, 1918, plaintiff sold and delivered to defendant five separate invoices of goods at agreed prices as follows: $399.42, $138.38, $73.80, $105.68, $64.14. There was no dispute concerning the first three of these items. The other two were in dispute because the defendant claimed that they had been shipped from Pittsburgh instead of from New Haven, as ordered, and claimed that it had not received the goods. On June 18th the defendant sent the plaintiff a check for $606.91, corresponding to the amount of the

undisputed items less a claimed counter-charge of $4.69. Subsequently this action was brought to recover for the two items remaining unpaid, together with some small incidental charges.

Defendant pleaded in paragraph one of its first defense, that it had never received the merchandise, and in the second paragraph, that it had paid the other charges specified in the bill of particulars; and, as a second defense, that the check in question was tendered and accepted in full settlement of all invoices to date.

The trial court found that the defendant did receive the merchandise in question and did agree to pay for it as alleged, that it had already paid for the other charges in the bill of particulars, and gave judgment for the defendant on the issue of accord and satisfaction raised by the second defense.

Other material facts found are as follows: In connection with the dispute over the two items of $105.68 and $64.14, the defendant had been negotiating with the manager of the plaintiff's New Haven office, and on May 15th wrote him a letter of which the material parts follow: "We will pay your invoice amounting to $399. We will also pay your invoice for $66 [meaning the $64.14 item], and render you a bill, which we are doing to-day, for 18¾ lbs. High Speed steel bar ends and pieces at 25 cents a lb., thus settling all matters at issue with your Company with the exception of one bill for $105 covering material lost in transit. After carefully investigating this matter with counsel, we find that bill for $105 on lost shipment was for material ordered from New Haven, which you shipped from Pittsburgh, and claim release from responsibility upon exhibition of clear receipt f. o. b. that place. This bill we decline to pay, and reiterate our former contention that you should have entered claim and collected accordingly. Had this material been shipped f. o. b.

New Haven, as per the order, we find that Interstate Commerce Commission rating would have applied. In conclusion we strongly urge that your Company give this matter careful reconsideration before instituting suit which we will defend." .

Not hearing anything in reply to this letter, the defendant, on June 18th, sent by mail to the plaintiff's office in Pittsburgh, a check for $606.91, on the back of which was the following memorandum: "In full settlement of invoices to date $606.91

|  | less | % discount |
|---|---|---|
|  | 3/27 | 138.38 |
|  | 5/17 | 73.80 |
|  |  | 399.42 |
|  |  | 611.60 |
| 5/15 contra |  | 4.69." |

In tendering the check defendant intended to pay its entire indebtedness to the plaintiff according to the defendant's understanding of that indebtedness, and to settle thereby all matters in dispute between the plaintiff and defendant up to the date of the check. Plaintiff accepted the check, wrote the defendant for an explanation of the "contra account," gave the defendant credit on its books for the invoices listed on the back of the check, and continued to bill the defendant for the other invoices and items contained in the bill of particulars.

*Albert H. Barclay*, for the appellant (plaintiff).

*Frank M. Canfield*, for the appellee (defendant).

BEACH, J. We find it unnecessary to consider the claims for correction of the finding, because the question whether the judgment for the defendant on the issue of

accord and satisfaction can be supported, turns wholly on the construction to be put upon the writing on the back dated June 18th.

The defense of accord and satisfaction requires the defendant to allege and prove a new contract based upon a new consideration. "There must be a new agreement with a new consideration." *Goodrich* v. *Stanley*, 24 Conn. 613, 621. There must be a meeting of the minds. The new consideration must be offered by the debtor and accepted by the creditor with intent to satisfy the whole claim; and when, as in this case, the assent of the creditor is sought to be inferred from the acceptance of a less sum than is claimed to be due, the fact that such sum is offered in discharge of the whole claim must "be made known to the creditor in some unmistakable manner." 1 Corpus Juris, 529. "To constitute an accord and satisfaction it is necessary that the money should be offered in satisfaction of the claim, and the offer accompanied with such acts and declarations as amount to a condition that if the money is accepted, it is accepted in satisfaction, and such that the party to whom it is offered, is bound to understand therefrom, that if he takes it, he takes it subject to such condition." *Preston* v. *Grant*, 34 Vt. 201, 203; *Fuller* v. *Smith*, 107 Me. 161, 165, 77 Atl. 706; *Girard Fire & Marine Ins. Co.* v. *Canan*, 195 Pa. St. 589, 46 Atl. 115.

In this case there were five shipments of merchandise from the plaintiff to the defendant which appear to have been separately contracted for, to have been ordered and shipped on different dates, and to have been separately billed to the defendant. Three of these invoices were not disputed as to amount or liability; and the other two were in dispute when the defendant's letter of May 15th was written. It will be noted that this letter was not an offer to pay two out of the three undisputed claims, and did offer to pay one of the disputed items, and that the

settlement proposed is not in accord and satisfaction of the whole account, but in settlement of all matters at issue "with the exception of one bill for $105." This letter does not treat the account as a single claim and offer to settle up by the payment of a lump sum, but deals with the separate invoices, so far as they are mentioned at all, and proposes to pay some and not to pay another. This, we think, may have some bearing on the construction which the plaintiff might fairly put upon the check of June 18th. In the same connection it appears, from the absence of any mention of it, that no letter of explanation accompanied this check. If the defendant intended to notify the plaintiff in plain language that the check was offered on condition that if accepted it must be accepted in satisfaction of the whole account, it would have been easy to do so in a letter enclosing the check. It is said that the memorandum on the back of the check serves the purpose of an explanatory letter, and if the general statement "in full of invoices to date" stood alone, it might be understood as a tender of payment in satisfaction of all invoices to date. That being so it was unnecessary to add anything more. Nevertheless, the memorandum then proceeds to enumerate the three undisputed invoices and to claim a specific deduction of $4.69 from their aggregate amount, and the result thus reached is the precise amount for which the check was drawn. The coincidence is irresistible. It is impossible to understand this part of the memorandum otherwise than as an itemized list of the invoices intended to be paid by the check, less the counter-charge. Besides, all this specification and addition of selected invoices as well as the specific deduction of a claimed counter-charge from their sum, is entirely out of place in an offer to settle the whole account, including other invoices not referred to, for a gross amount. The result

is that, taking the check as a whole it does not clearly express the condition that if accepted it must be accepted in satisfaction of the whole amount. In saying this we do not impugn the finding that the defendant intended by this check to settle all matters in dispute; but to point out that the check, unexplained, is not an adequate expression of that intent.

In view of the finding that the invoices listed on the back of the check were not then and never had been in dispute, the plaintiff was fairly entitled to suppose that the check was intended in full settlement of those three invoices less the claimed counter-charge for $4.69. There is no finding that the plaintiff understood the check as an offer of settlement of the whole account. The finding is that the plaintiff applied the check in payment of the invoices listed thereon, and we think it had a right to do so. In other words, we hold that the writing which is offered as the only evidence of the payment conditioned on a satisfaction of the whole account is on its face insufficient in law to justify the inference that the plaintiff, by accepting the payments, has precluded itself from suing for the balance of the indebtedness.

It appears from the memorandum of decision that the trial court has found the issues raised by the first defense in favor of the plaintiff as regards the two items mentioned in paragraph one of that defense. These items amount to $169.82.

There is error, the judgment is reversed and the cause remanded to the Court of Common Pleas in Fairfield County with directions to enter judgment for the plaintiff in the sum of $169.82, with interest from the date of the writ.

In this opinion the other judges concurred.