HOWARD T. GILLIS *v.* MARY P. GILLIS
(8240)

DUPONT, C. J., O'CONNELL and NORCOTT, Js.

Argued February 16—decision released May 22, 1990

*Donald McPartland,* for the appellant (defendant).
*Maureen Danehy Cox,* for the appellee (plaintiff).

NORCOTT, J. This appeal arises from the plaintiff's action to recover payment due for legal services rendered to the defendant. The defendant alleged as a special defense that the parties had entered into an accord, by which the defendant agreed to pay the plaintiff the sum of $17,400 and the plaintiff agreed, in return, to deliver to the defendant a general release from all claims.[1]

In his reply, the plaintiff admitted that he had entered into an accord with the defendant but claimed that he

---

[1] At the time of this action, there was another action pending between the parties.

had agreed to provide only a specific release limited to the present lawsuit and not a general release as the defendant contended. The plaintiff filed an offer of judgment, pursuant to § 52-192a, which the defendant rejected.

The case was tried to a jury. At the conclusion of the presentation of evidence, the defendant moved for a directed verdict claiming, inter alia, that both parties had alleged that an accord had been reached and that the case could not, therefore, be submitted to a jury. The court denied this motion and submitted the case to the jury, charging that it must determine whether the parties had entered into an accord. The jury returned a verdict in favor of the plaintiff for $17,400 in damages and $4350 in interest.[2] The defendant then moved to set aside the verdict and to have judgment rendered in accordance therewith. These motions were denied.

The plaintiff filed a motion for attorney's fees and interest in accordance with his offer of judgment, pursuant to § 52-192a. Thereafter, the trial court, in its memorandum of decision, awarded the plaintiff interest of 12 percent, pursuant to General Statutes § 52-192a, on the damages award of $17,400, but did not award attorney's fees. The plaintiff then filed a motion for interest in accordance with the memorandum of decision, and the court granted this motion.

The defendant claims that the trial court erred in permitting the jury to consider the issue of whether the parties had entered into an accord. The defendant also claims that the trial court erred in awarding interest

---

[2] The jury awarded interest pursuant to General Statutes § 37-3a which provides that "interest at a rate of ten per cent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable . . . ."

pursuant to § 52-192a in addition to the jury's award of interest pursuant to § 37-3a. We find error on the second issue only.

The defendant first claims that the trial court erred in submitting the issue of accord to the jury. She claims that once the plaintiff admitted to having entered into an accord with her, the issue could no longer properly be submitted to the jury, regardless of the dispute as to what type of release the plaintiff would deliver to the defendant. We disagree.

"An accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed." *W. H. McCune, Inc.* v. *Revzon,* 151 Conn. 107, 109, 193 A.2d 601 (1963). The defendant does not claim that her debt has been paid in full, but rather, has alleged an "accord executory." Id. The defense of accord requires that the defendant allege and prove " 'a new agreement with a new consideration.' " *Crucible Steel Co.* v. *Premier Mfg. Co.,* 94 Conn. 652, 656, 110 A. 52 (1920). *"There must be a meeting of the minds."* (Emphasis added.) Id.

In this case, while both parties agree that there was an accord between them, they dispute the terms of that accord. We are not persuaded by the defendant's argument that this dispute is irrelevant. Without a mutual assent, or "meeting of the minds," there could be no accord. See *Crucible Steel Co.* v. *Premier Mfg. Co.,* supra. Whether there has been a mutual assent between the parties is a question of fact for the jury to decide. See *Thompson & Peck, Inc.* v. *Harbor Marine Contracting Corporation,* 203 Conn. 123, 131, 523 A.2d 1266 (1987); *Air-Care N.O. Nelson Co.* v. *Patchet,* 5 Conn. App. 203, 207, 497 A.2d 771 (1985); *DiUlio* v. *Goulet,* 2 Conn. App. 701, 703, 483 A.2d 1099 (1984). Because of the parties' dispute, the trial court did not err in sub-

mitting the issue to the jury to determine whether there had been a "meeting of the minds."[3]

Because the jury concluded that no accord existed, and because we conclude that the trial court did not err in submitting this issue to the jury, we need not address the defendant's claim that the existence of an accord negated the plaintiff's right to sue on the underlying obligation.[4]

The defendant's final claim is that the trial court erred in awarding interest pursuant to § 52-192a in addition to the jury's award of interest pursuant to § 37-3a and not in lieu of it. The defendant claims that the trial court could not award interest pursuant to

---

[3] After defining "accord" for the jury, the trial court instructed that "in this case there is a dispute regarding whether or not there is what the law calls a meeting of the minds on this special defense . . . . [T]here is no dispute but that the defendant, Mary P. Gillis, offered the sum of $17,400 as satisfaction of all of the claims made by the plaintiff, Howard T. Gillis, but there is a dispute regarding the release that was to be supplied in return for that payment of money . . . .

"Now, regarding this special defense, as I indicated to you, the defendant has the burden of proving it by a fair preponderance of the evidence. If you find it is proven that there is an accord and satisfaction as I've explained it to you, *that there was a meeting of the minds* . . . you will find that the [defendant] has sustained her burden of proof on the special defense . . . . [I]f you find the [defendant] has proven her special defense . . . that, as I said, is a bar to plaintiff's recovery." (Emphasis added.)

[4] We note, however, that even if the jury had found a meeting of the minds, the plaintiff would not necessarily have been foreclosed from suing on the underlying obligation. "Whether the new agreement was per se accord and satisfaction of the original debt depends upon the intention of the parties. . . . It is strongly presumed, however, that a plaintiff, who is claiming a substantially undisputed amount to be due, would not accept a mere promise to pay a much smaller sum in discharge of a claim for a larger amount. . . . '[I]t is not a probable inference that a creditor intends merely an exchange of his present cause of action for another. It is generally more reasonable to suppose that he bound himself to surrender his old rights only when the new contract of accord was performed.' 15 Williston, supra, § 1847." *Air-Care N.O. Nelson Co.* v. *Patchet,* 5 Conn. App. 203, 205–206, 497 A.2d 771 (1985); see also *Halloran* v. *Fischer,* 126 Conn. 44, 46, 9 A.2d 290 (1939).

§ 52-192a in addition to the jury's award of interest, and it should have substituted its interest award for that of the jury. We do not agree.

General Statutes § 52-192a (b) provides that if a plaintiff makes an offer of judgment, if the defendant does not accept that offer, and "[i]f the court ascertains from the record that the plaintiff *has recovered* an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court *shall* add to the *amount so recovered* twelve per cent annual interest on said amount . . . ." (Emphasis added.)

There is no question that the application of § 52-192a is mandatory in this situation. The plaintiff filed an "offer of judgment" for $17,400, the defendant rejected the offer, and the jury awarded the plaintiff an amount "equal to" that offer plus interest pursuant to § 37-3a. The total amount recovered by the plaintiff was, therefore, greater than the offer of judgment.

An award of interest pursuant to § 52-192a (b) is punitive in nature, and it is meant to serve the purpose of promoting "fair and reasonable compromise of litigation without trial . . . ." *Crowther* v. *Gerber Garment Technology, Inc.*, 8 Conn. App. 254, 267, 513 A.2d 144 (1986); *Kusha* v. *Respondowski,* 3 Conn. App. 570, 574, 490 A.2d 1014 (1985). This interest is mandated when the *amount recovered* is greater than or equal to the offer of judgment; see General Statutes § 52-192a (b); and that amount can include interest and attorney's fees; *Crowther* v. *Gerber Garment Technology, Inc.*, supra, 270–71; as well as double or treble damages. *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 307, 472 A.2d 316 (1984). The plaintiff, in his complaint, sought money damages and interest, and the jury awarded him both as his basic damages. That total was the appropriate amount to be compared to the offer of judgment. See *Crowther* v. *Gerber Garment Tech-*

*nology, Inc.,* supra, 270; see also *Gionfriddo* v. *Avis Rent A Car System, Inc.,* supra. The trial court did not, therefore, err in awarding § 52-192a (b) interest in addition to § 37-3a interest. See *Edward Denike Tree Co.* v. *Butler,* 21 Conn. App. 366, 573 A.2d 349 (1990).

The defendant also appears to argue that the trial court erred in its award of interest because this award was inconsistent with the court's intention as expressed in the memorandum of decision and was not, therefore, an award of interest "in accordance with the memorandum of decision." The defendant cites a portion of the trial court's memorandum of decision in which it concludes: "[R]eading the statute in light of the commonly approved usage of the word 'except,' it appears that where § 52-192a is applicable, § *37-3a will not be available.*" (Emphasis added.) In its memorandum of decision, the trial court ruled that the "[p]laintiff *is entitled to interest,* pursuant to § 52-192a, *at the rate of twelve percent* from the date the complaint was returned to court through the date the court accepted the jury verdict. Nevertheless, the *interest should only be computed on the damages award* of $17,400, *as the interest awarded by the jury was done so pursuant to* § *37-3a, which is precluded when* § *52-192a is applicable and utilized.*" (Emphasis added.)

It is true that the memorandum of decision, read as a whole, does contain some ambiguity as to the court's intent. The order, however, is clear and unambiguous. It is the appellant's burden to show that there was error. *Ciucias* v. *Valley Cab Co.,* 3 Conn. App. 468, 470, 489 A.2d 411 (1970). " '[I]f an appellant requires amplification or clarification . . . of a decision to present his claims of error he should seek a further articulation from the trial court.' " *Guaranty Bank & Trust Co.* v. *Dowling,* 4 Conn. App. 376, 384–85, 494 A.2d 1216, cert. denied, 197 Conn. 808, 499 A.2d 58 (1985). Under normal circumstances, this court will not

remand a case to "correct a deficiency the appellant should have remedied." *Carpenter* v. *Carpenter,* 188 Conn. 736, 739 n.2, 453 A.2d 1151 (1982); *Pointina Beach Assn.* v. *Stella,* 1 Conn. App. 341, 343, 471 A.2d 970 (1984). We must conclude that the trial court intended to act as it clearly did in its order.

The plaintiff suggests that the trial court erred in not computing interest on the § 37-3a interest portion of the verdict. We agree. Although this is not raised as an issue on cross appeal, we find that, based upon the statutory language of § 52-192a, it was plain error for the trial court to compute interest only on a portion of the award. See Practice Book § 4185. "The plain language of General Statutes § 52-192a specifies that 'the court shall add to the *amount so recovered* twelve percent annual interest on said amount. . .' " (Emphasis added.) *Edward Denike Tree Co.* v. *Butler,* supra. The trial court clearly did not act in accordance with the mandate of § 52-192a when it awarded interest only on the damages portion of the award. Accordingly, interest must be awarded on the entire award, that is, the "amount so recovered."

There is error as to the trial court's award of interest under General Statutes § 52-192a only, the judgment is set aside as to that award and the case is remanded with direction to recompute the § 52-192a award of interest based upon the entire award.

In this opinion the other judges concurred.