[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant, Amoco Oil company (Amoco) owner of a gasoline station at 905 Whitney Avenue, Hamden, Connecticut, applied to the Hamden Zoning Board of Appeals (ZBA) for permission to expand its existing nonconforming use and for a variance to permit operation of a convenience store in an area previously used as a service bay; set-back to allow a canopy; height and size increase in an illuminated logo sign and an increase in total aggregate signage. Amoco operates the station as a nonconforming use in a residential district. The station is located on the Hamden side of the Hamden and New Haven border.
On November 15, 1990, the ZBA approved the requests.
The City of New Haven (City) owns two parcels of land abutting the subject parcel and appeals the decision of the ZBA.
The Court finds statutory aggrievement giving it jurisdiction.
The City's first claim is that the ZBA abused its discretion by granting the variance, contending no exceptional difficulty or undue hardship was shown.
 "A variance is an authorization obtained from the zoning board of appeals to use property in a manner otherwise forbidden by the zoning regulations. Grillo v. Zoning Board of Appeals, 206 Conn. 362, 372 (1988). For a variance to be granted under General Statutes 8-6 (3), two conditions must be fulfilled: (1) the variance must be shown not to affect substantially the comprehensive zoning plan; and (2) adherence to the strict letter of the zoning ordinance must CT Page 8585 be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan. Smith v. Zoning Board of Appeals, 174 Conn. 323, 326 (1978). The zoning board's action must be reasonably supported by evidence in the record. Smith v. Zoning Board of Appeals, supra, 326; Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 204 (1989). The hardship must be different in kind from that generally affecting properties in the same zoning district. Smith v. Zoning Board of Appeals, supra, 324. It is well settled that the granting of a variance must be reserved for unusual or exceptional circumstances. Proof of hardship is a condition precedent to granting a variance. Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364, 365 (1979). The hardship must "`arise from circumstances or conditions beyond the control of the property owner.' Pollard v. Zoning Board of Appeals, 186 Conn. 32, 29 (1982." (underlines added) Kelly v. Zoning Board of Appeals, 21 Conn. App. 549, 597-598
(1990).
The supplemental return of record indicates the ZBA granted the requests for the following reasons: "enhancing a nonconforming use, allow retail to continue use and improved gateway to the town."
In an administrative appeal, the trial court is not at liberty to substitute its judgment for that of the administrative tribunal. See Frito-Lay v. Planning and Zoning Commission,206 Conn. 554, 572-73 (1988). The court may only determine whether the agency has acted arbitrarily or in abuse of its discretion. Id. at 573. The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Burnham v. Planning and Zoning Commission, 189 Conn. 261, 265
(1983). The burden of proof rests on the plaintiff to demonstrate the Board acted illegally or so arbitrarily and unreasonably as to invalidate its decision. Adolphson v. Zoning Board of Appeals,205 Conn. 703, 707 (1988).
In the instant case, the record does not support the ZBA's determination that exceptional difficulty or unusual hardship exists.
The reasons advanced by Amoco and adopted by the ZBA are purely financial in nature. The issue as framed by Amoco was "what's a practical response to something. . . it simply doesn't make sense to prohibit a business such as this from being a better CT Page 8586 business. And the statutory scheme is set up in such a way that we have to come before this Board in order to let this business be a better business. And that's all this variance is really about." Transcript, pp. 45-46.
"Financial considerations alone. . . cannot govern the action of the board. They are bound to take a broader view than the apparent monetary distress of the owner. Otherwise, there would be no occasion for any zoning law. (citation omitted). . . (F)inancial detriment to a single owner of property would not of itself warrant relaxation on the ground of practical difficulty or unnecessary hardship. (citations omitted). It is only the exceptional case of financial detriment which can present a hardship warranting the granting of a variation (sic), as where, for example, the application of zoning to a particular property would greatly decrease or practically destroy its value for any permitted use. . . ." Piccirillo v. Board of Appeals on Zoning,139 Conn. 116, 120-121 (1952). Financial or economic hardship has long been considered not to be a hardship for zoning purposes. Garibaldi v. Zoning Board of Appeals, 163 Conn. 235 (1972).
Amoco contends that even if the record does not adequately reflect a hardship, the Board's decision should be sustained as its decision is consistent with the general intent and purpose of zoning regulations, citing Point O'Woods Assn., Inc. v. Zoning Board of Appeals, 178 Conn. 364 (1979).
Point O'Woods is not applicable to the instant situation. It is true that in that case Old Lyme had regulations similar to Hamden. However, there is a critical procedural distinction. In Point O'Woods the individual was requesting a variance under the provisions of the Old Lyme regulations which allowed for a change from one nonconforming use to another. Here, Amoco is seeking a variance from Ordinance 326 which states that a nonconforming use shall not be extended or enlarged. Further, Point O'Woods recognized that when a regulation exists which permits a change in nonconforming uses, such change is permissible "so long as the approval does not enlarge or extend the nonconforming use." Id., p. 370. Thus, by applying for a variance to enlarge or extend its alleged nonconforming retail use, Amoco is contravening the rationale of Point O'Woods.
For the reasons herein stated, the appeal is sustained.
SCHIMELMAN, J.