[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is plaintiff's motion to strike.
On January 18, 1994, the plaintiff, Janice Douglas filed a six count revised complaint alleging conversion, wrongful repossession, unfair or deceptive trade practices, a class action for breach of contract, and a class action for unfair trade practices against the defendant, General Motors Acceptance Corporation ("GMAC"). The complaint arises out of two alleged wrongful repossessions of the plaintiff's vehicle and alleged charges for "force placed insurance" by the defendant for the vehicle. The first repossession occurred on October 21, 1992, and the vehicle was subsequently returned by the defendant without charge to the plaintiff. The second repossession occurred on May 7, 1993, and the vehicle is still in the possession of the defendant. CT Page 4205
On March 9, 1994, the defendant filed an answer admitting that the two repossessions occurred and denying the other allegations.
On March 9, 1994, the defendant also filed four special defenses.
The first special defense is directed to counts one and three of the complaint. The defendant alleges that when the defendant returned the vehicle, after the first repossession, the plaintiff accepted the vehicle with no complaint and did not file suit until May, 1993. The defendant alleges that these facts set forth the defense of waiver.
The second special defense is also directed towards counts one and three of the complaint. The defendant alleges that those facts set forth in the first special defense, with the additional allegation that the delay was inexcusable, also set forth the defense of laches.
The third special defense is directed towards counts four, five and six. The defendant realleges the defenses of waiver and laches with regard to charges for the Collateral Protection Insurance Policy ("CPIP") on the vehicle.
The fourth special defense is directed to counts one, three, four and six of the plaintiff's complaint. The defendant alleges that its return of the vehicle without repossession fees and plaintiff's acceptance of said return on those terms constituted an accord and satisfaction as to any claims arising from said repossession.
On March 17, 1994, the plaintiff filed a motion to strike the defendant's special defenses accompanied by a memorandum of law.
On March 23, 1994, the defendant filed a memorandum in opposition to the motion to strike. In the memorandum the defendant withdraws its second special defense of laches directed to counts one and three because it is an equitable defense and counts one and three seek money damages only. Therefore, this court will not address the motion to strike the second special defense.
A motion to strike is used to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142. The motion to strike is also the proper vehicle to challenge the "legal sufficiency of any answer to any complaint, counterclaim or crossclaim, CT Page 4206 or any part of that answer including any special defense contained therein. . . ." Practice Book 152.
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108. "In deciding upon a motion to strike, a trial court must take the facts to be those alleged in the [pleadings], . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348. "The legal conclusions or opinions stated in the special defense[s] are not deemed admitted but rather must flow from the subordinate facts provided." Country Fed. Sav. Loan Assn. v. Eastern,3 Conn. App. 582, 586, citing McAdam v. Sheldon, 153 Conn. 278, 283. "In ruling on . . . a motion to strike [the court has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536.
The plaintiff argues in her memorandum in support of the motion to strike that the defendant has not pleaded sufficient facts to sustain the defenses of waiver, laches and accord and satisfaction or alternatively that they are legally insufficient defenses. The plaintiff further argues that she cannot legally waive her rights under the "repossession statutes," General Statutes 42a-9-501(3), 42-98(j).
The defendant argues in its memorandum in opposition to the motion to strike that the facts have been adequately pleaded and are legally sufficient.
"`Waiver is the intentional relinquishment of a known right.'" (Citation omitted.) Novella v. Hartford Accident and Indemnity Co., 163 Conn. 552, 561. Waiver requires both, that there be knowledge of the right and the intention to relinquish it. Id., 562. "Waiver does not have to be express, but may consist of acts or conduct from which waiver may be implied." (Internal quotation marks omitted; citations omitted.) Loda v. H. K. Sargeant 
Associates, Inc., 188 Conn. 69, 76. "In other words, waiver may be inferred from the circumstances if it is reasonable so to do." Id.
In the present case the defendant argues in its memorandum that it alleges in its First Special Defense that the plaintiff knew that the repossession of her vehicle was unlawful and demanded CT Page 4207 its return.
Facts or conduct must be alleged that, expressly or impliedly, legally support a defense of waiver. The defendant does allege that the plaintiff knew that the repossession was unlawful; therefore, it may be implied that she knew she had other rights. Further, because she accepted the car without protest it may be implied that she intentionally relinquished these rights. The allegations of the First Special Defense are sufficient to support a defense of waiver.
The relevant portion of General Statutes 42a-9-501 provides that rights are given to a debtor and duties are imposed on a creditor and "the rules stated in the subsections referred to below may not be waived or varied." General Statutes 42a-9-501. The rights which may not be waived are applicable to: disposition of the collateral; surplus proceeds upon disposition of the collateral; acceptance of the collateral as discharge of the obligation; redemption of the collateral; and the liability for failure to comply with the statute. The rights allegedly waived in the present case are not included within the prohibitions against waiver found in General Statutes 42a-9-501. Accordingly, the prohibition against waiver referred to in the statute does not bar the defense of waiver in the present case.
The relevant portion of 42-98j provides that no act or agreement will constitute a valid waiver of consumers' rights "before or at the time of the making of a retail instalment contract." The waiver at issue in the present case is alleged to have occurred after the making of the agreement. Therefore, this statute does not bar the defense of waiver as pleaded.
Because the facts alleged are sufficient to state a defense of waiver and neither statute bars the defense of waiver the motion to strike the First Special Defense is denied.
The Third Special Defense incorporates paragraphs 10, 11, 13 and 14 of the First Special Defense. The First Special Defense contains only nine paragraphs. Therefore, the Third Special Defense is stricken because it is incomplete.
"When there is a good faith dispute about the existence of a debt or about an amount that is owed, the common law authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim." Country Fire Corporation v. C. F. Wooding CT Page 4208 Co., 202 Conn. 277, 281.
 `An accord is a contract . . . for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed.'
(Citations omitted.) Gillis v. Gillis, 21 Conn. App. 549, 552.
The defendant alleges, in pertinent part, under the Fourth Special Defense that: the plaintiff had a contract with the defendant to finance the purchase of her vehicle; that the defendant repossessed her vehicle; that the parties agreed that the vehicle would be returned after the plaintiff paid the arrearage of her debt and that the defendant would charge no other fees; and that the vehicle was returned in accordance with the agreement.
The defendant asserts that the agreement to return the vehicle on those terms was an accord of any claims relating to said repossession and that the return of the vehicle in accordance with that agreement was a satisfaction of the accord. These allegations support a defense of accord and satisfaction. Accordingly, the motion to strike the Fourth Special Defense is denied.
Ronald J. Fracasse, Judge