[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action by the plaintiff, C.A.B.S., Inc., against the defendant, Richard Jackson, an accountant, to recover tax losses and additional accounting fees allegedly incurred by the plaintiff because the defendant failed to file an election with the I.R.S. to be treated as a "Subchapter S" corporation on behalf of the plaintiff. A court trial on this matter was held on November 9, 1995.
The court finds the following facts. On July 1, 1994, the principal shareholders of the plaintiff, Trenton Wright, Michael J. Kopeski, Sr., and Alvin Ridgeway, met with the defendant seeking advice regarding the best organizational structure for the new business they were creating. After a few hours of discussion, the defendant recommended, among other things that the principals form a Subchapter S corporation. A "Subchapter S" corporation is a closely held corporation that has elected to be taxed under Subchapter S of the Internal Revenue Code so that, income is not taxed at the corporate level but is passed through and taxed to the shareholders. 18 AM.Jur.2d (Rev.) Corporations § 40 (1985). After the defendant explained his recommendation, the principals concurred with the defendant's assessment. With the principals present, the defendant phoned the attorney who the principals had hired to incorporate the business and informed him of the decision to create a Subchapter S corporation.
An eligible corporation obtains the tax treatment under Subchapter S by filing with the I.R.S. an election for such treatment using I.R.S. Form 2553. In this case, neither the plaintiff, through its officers, nor the defendant filed Form 2553 with the I.R.S. The corporate officers believed that the CT Page 12482-A defendant was responsible for preparing and filing that form. The defendant, on the other hand, expected that a corporate officer, with the assistance of the plaintiff's attorney, would make this filing. The court finds that there was never any discussion between the principals and the defendant on this point.
The plaintiff's claim is essentially one of professional negligence. In order for the plaintiff to prevail, the plaintiff must prove that the defendant agreed to provide the service which was absent or performed in a substandard manner. It is a basic principle of contract law that, in order to form a binding contract, there must be a meeting of the minds. Fortier v.Newington Group, Inc., 30 Conn. App. 505, 510 (1993); Zahornackyv. Edward Chevrolet, Inc., 37 Conn. Sup. 751, 753 (1981). If there has been a misunderstanding between the parties so that mutual assent is missing, no contrast exists, and the court cannot make a contract for the parties. Hoffman v. Fidelity andCasualty Co., 125 Conn. 440, 443 (1939).
Even where both parties erroneously believed a complete agreement existed, if there is no meeting of the minds, there is no agreement. Gillis v. Gillis, 21 Conn. App. 549, 552 (1990). Whether mutual assent occurred is a question for the trier-of-fact to resolve. Id. The burden of proving that the defendant agreed to prepare and file Form 2553 on behalf of the plaintiff rests with the plaintiff. Bridgeport Pipe Eng. Co. v. DeMatteoConst. Co., 159 Conn. 242, 246 (1970). The court finds that the plaintiff has failed to prove, by a preponderance of the evidence, that the defendant agreed to provide such service for the plaintiff. For these reasons, judgment may enter for the defendant.
Sferrazza, J.