[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 114)
This dispute arises out of an alleged breach of a home improvement contract in which one of the plaintiffs, Debra Ross, did not execute the written agreement. The instant motions attacks this plaintiff's standing to sue by way of a motion to dismiss.
On March 9, 1999, the plaintiffs, Debra Ross and Ella M. Ross, filed an amended complaint alleging three counts against the defendant, Dexter L. Williams, doing business as Trowel Trade Specialists (Williams). The complaint alleges: (1) breach of contract; (2) violation of the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110b et seq.; and (3) negligence. On September 10, 1999, Williams filed a supplemental motion to dismiss solely against the plaintiff, Debra Ross alleging that she, was not a party to the contract and, therefore, lacks standing on all counts.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). The question of a plaintiff's standing implicates a court's subject matter jurisdiction. See StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case. Figueroa v. C. S. Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1996).
In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). The motion to dismiss admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. Where, however, the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988). The motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of CT Page 15606 whether it states a cause of action. Pratt v. Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993).
The defendant argues that he and the plaintiff, Debra Ross, were not in privity of contract and, therefore, she has no standing to sue. To support this argument, the defendant contends that "from all the documentation that transpired between the plaintiffs and the defendant, including follow up correspondence, it was only Ella Ross whose name appeared on them."
The plaintiffs allege that they jointly contracted with the defendant and they argue that Debra Ross was in privity of contract with the defendant. In support of their argument, the plaintiffs contend that "[t]he work was agreed to be performed on the real property jointly owned by the plaintiffs. Debra Ross was present with the [d]efendant at the time of inspecting and estimating. Debra did not sign the writings only because she was never around when the writings were presented for signature." Also, in response to the defendant's assertion that only Ella Ross' name appeared on all the documentation including follow up correspondence, the plaintiff, Debra Ross, filed an affidavit with her opposing memorandum. Attached to the affidavit were several exhibits consisting of letters sent to the defendant under the signature of both plaintiffs.
In order to form a contract, generally there must be a bargain in which there is a manifestation of mutual assent to the exchange between two or more parties and the identities of the contracting parties must be reasonably certain. Ubysz v.DiPietro, 185 Conn. 47, 51, 440 A.2d 830 (1981). The manifestation of assent may be made wholly or partly by written or spoken word or by other acts or by failure to act. Id.; see also Krondes v. O'Boy, 37 Conn. App. 430, 434, 656 A.2d 692
(1995); Thames River Recycling v. Gallo, 50 Conn. App. 767, 798,720 A.2d 242 (1988). Without a mutual assent, or "meeting of the minds", there could be no accord. Whether there has been a mutual assent between the parties is a question of fact for the jury to decide." Gillis v. Gillis, 21 Conn. App. 549, 552, 575 A.2d 230, cert. denied, 215 Conn. 815, 576 A.2d 546 (1990).
In Ubysz v. DiPietro, supra, 185 Conn. 51, the defendant filed a motion to dismiss alleging that the plaintiffs lacked standing because the plaintiff husband was not present during the oral contract discussions and, therefore, could not be a party. The court held that "[t]he fact that [the plaintiff] was not CT Page 15607 present during the conversation between [the parties] . . . does not mean that he could not be found to be a party to the contract." Id. The earlier discussions between and among the parties at various times was sufficient manifestation of assent. Id. The husband's assent to the wife was sufficient for her to assent on their behalf to the other party in the contract. Id.
In the present case, the plaintiffs have alleged that they were in contract with the defendant. They further allege that Debra Ross was present during all negotiations concerning the contract and the work to be performed to her and her mother's home. It is alleged that the only reason Debra did not sign the contract was because she was not at home at the time of the signing. Moreover, despite the defendant's assertion that he had no correspondence with Debra Ross, copies of follow-up correspondence sent to the defendant under the signature of both plaintiffs were attached to Debra Ross' affidavit. Lastly, in his memorandum the defendant cites to the deposition of Debra Ross: "Q. Was your mother . . . concerned with the issue of who was signing and who was responsible, whether or not you were a party to the contract, or any of those issues?" "A. No. Because we discussed it, and her signature was fine."
Based upon the above, Debra Ross has sufficiently alleged that she was a party to the contract and, therefore, has standing to sue the defendant. Although Debra was not present at the actual signing of the contract, nevertheless she alleges and avers that she was present during all negotiations and discussion of the work to be done. Moreover, she alleges that she discussed everything with her mother who allegedly signed on behalf of both plaintiffs. This is consistent with the holding in Ubysz, supra. Any further question of mutual assent is properly left for the fact-finder.
Furthermore, because defendant's motion to dismiss the remaining counts is grounded upon Debra Ross' lack of standing to bring suit pursuant to the contract, having found that Debra does indeed have standing, the motion to dismiss the remaining counts need not be addressed by the court.
The plaintiff, Debra Ross, has sufficiently alleged that she was a party to the contract with the defendant. The factual question of mutual assent should be left for the jury. Accordingly, the defendant's motion to dismiss is hereby DENIED. CT Page 15608
MELVILLE, J.