[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES # 114
On July 17, 2000, the plaintiff, Deborah Hengen, filed a three count amended complaint against the defendants, Emer Coyne and Tom Francis. The amended complaint alleges a cause of action for breach of contract, breach of contract with reckless indifference or disregard, and larceny, pursuant to General Statutes § 53a-119. On November 17, 2000, Coyne filed amended special defenses to Hengen's complaint, and on February 13, 2001, Hengen filed a motion to strike Coyne's special defenses on the ground that they are insufficient as a matter of law in that they allege CT Page 5741-go accord and satisfaction based solely upon an offer. As required by Practice Book § 10-42,[1] Hengen has filed a memorandum in support of her motion to strike. Coyne, however, did not file an objection or memorandum in opposition to the motion as is required by General Statutes § 10-42 (b).
"[T]he filing of a memorandum in opposition to a motion to strike is mandatory, and the failure to file such may still serve as a ground for granting a motion to strike. . . . Thus, a court could grant the motion to strike on the ground that the [adverse party] failed to file an opposing memorandum of law. . . . When [the adverse party] fails to file an opposing memorandum, however, the court, in its discretion, may still address the merits of the motion." (Citations omitted; internal quotation marks omitted.) Flores v. Viveros-Velazquez, Superior Court, judicial district of Windham at Putnam, Docket No. 063971 (November 21, 2000,Foley, J.); see also Corbin v. Arcadia Financial, Ltd., Superior Court, judicial district of Waterbury, Docket No. 151811 (March 31, 2000,Leheny, J.); Danielson v. Cummings Insulation Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 375887 (November 15, 2000, Moran, J.); DelMoral v. Tilcon Connecticut, Superior Court, judicial district of Waterbury, Docket No. 155116 (May 12, 2000,Doherty, J.); Honan v. Chamberlain, Superior Court, judicial district of Danbury, Docket No. 313387 (August 12, 1994, Mihalakos, J.). The court, in the exercise of its discretion, will address the motion to strike to strike on its merits.
A plaintiff may move to strike a special defense; Nowak v. Nowak,175 Conn. 112, 116, 394 A.2d 716 (1978); see also Connecticut NationalBank v. Voog, 233 Conn. 352, 354-355, 659 A.2d 172 (1995); and, when faced with such a motion, the trial court is "obligat[ed] to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992).
Hengen moves to strike the defenses on the ground that they allege accord and satisfaction based solely upon an offer. She argues that an "[a]ccord and satisfaction does not exist without a mutual agreement and acceptance of an offer. The defendant merely alleges . . . that an offer for settlement was made and suggests that the offer by itself represents accord and satisfaction." (Hengen's Memorandum, p. 3.)
"`When there is a good faith dispute about the existence of a debt or about the amount that is owed, the common law [doctrine of accord and CT Page 5741-gp satisfaction] authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim.' . . . Blake v.Blake, 211 Conn. 485, 491, 560 A.2d 396 (1989); County Fire Door Corp.v. C. F. Wooding Co., 202 Conn. 277, 281-82, 520 A.2d 1028 (1987); Kellyv. Kowalsky, 186 Conn. 618, 621, 442 A.2d 1355 (1982). "A contract of accord and satisfaction is sufficiently supported by consideration if it settles a monetary claim that is unliquidated in amount.' County FireDoor Corp. v. C. F. Wooding Co., supra, 281-82. The settlement agreement between the parties is called an accord and the execution or performance of that agreement is called the satisfaction. 1 E. Farnsworth, Contracts (2d Ed. 1998) § 4.24, pp. 522-23; see J. Calamari J. Perillo, Contracts (3d Ed. 1987) § 21-4, p. 868; Black's Law Dictionary (6th Ed. 1990); 1 Am.Jur.2d, Accord and Satisfaction § 1 (1994)." (Brackets in original.) Davis v. Forman School, 54 Conn. App. 841,849-50, 738 A.2d 697 (1999). More specifically, "[a]n accord is a contract between creditor and debtor for the settlement of a claim by some performance other than that which is due. Satisfaction takes place when the accord is executed." W. H. McCune, Inc. v. Revzon, 151 Conn. 107,109, 193 A.2d 601 (1963); Gillis v. Gillis, 21 Conn. App. 549, 552;575 A.2d 230 (1990).
"The defense of accord requires that the defendant allege and prove "a new agreement with a new consideration.'" Gillis v. Gillis, supra,21 Conn. App. 552, quoting Crucible Steel Co. v. Premier Mfg. Co.,94 Conn. 652, 656, 110 A. 52 (1920). "There must be a meeting of theminds." (Emphasis in original.) Id. "Without a mutual assent, or a "meeting of the minds, ' there cannot be a valid accord." (Internal quotation marks omitted.) Herbert S. Newman Partners v. CFCConstruction Ltd. Partnership, 236 Conn. 750, 764, 674 A.2d 1313 (1996).
"[T]he defendant must show that at the time of the agreement there was a good faith dispute over the existence of a debt or over an amount owed, and that the debtor and the creditor negotiated a contract of accord to settle the claim. Peerless Hosiery Co. v. Northern Ins. Co.,108 F. Sup. 52, 55-56 (D.Conn.), aff'd, 199 F.2d 957 (2d Cir. 1952). The accord must be a new agreement based on new consideration. CrucibleSteel Co. v. Premier Mfg. Co., 94 Conn. 652, 656, 110 A. 52 (1920). The proponent must be able to show that there was a meeting of the minds, and that the offer by the debtor was clearly tendered as frill satisfaction of the debt and that the payment was knowingly accepted. Id.; Gillis v.Gillis, 21 Conn. App. 549, 552, 575 A.2d 230, 231-32, cert. denied,215 Conn. 815, 576 A.2d 544 (1990)." Munroe v. Embart Corp.,46 Conn. App. 37, 42-43, 699 A.2d 213, cert. denied, 243 Conn. 926,701 A.2d 658 (1997). CT Page 5741-gq
Coyne asserts the same special defense to each count of Hengen's complaint: "On February 10, 2000, the plaintiff offered to return [the] horse to the defendant upon receipt of monies owed to care for the horse form 9/1/1999 until 2/10/2000. This represents an accord and satisfaction."[2] Coyne's does not allege that the parties negotiated a contract of accord to settle a claim, nor does Coyne allege that the parties formulated any sort of new agreement with new consideration or that any payment was made. The special defenses are devoid of any of the necessary allegations to sufficiently plead an accord and satisfaction defense. "An accord is contractual in nature. Thus, in order to discharge a claim by means of accord and satisfaction, the essentials to a valid contract must be present, including proper subject matter, competent parties, a meeting of the minds of the parties, and consideration." 1 Am.Jur.2d, Accord and Satisfaction § 5.
Accordingly, Hengen's motion to strike Coyne's special defenses is granted.
Foley, J.