EDWARD DENIKE TREE COMPANY *v.*
RAYMOND E. BUTLER ET AL.
(8093)

SPALLONE, FOTI and LAVERY, Js.

 

Argued February 28—decision released May 1, 1990

*Warren P. Joblin,* for the appellants (defendants).

*Alan R. Spirer,* for the appellee (plaintiff).

FOTI, J. This action arises out of the plaintiff's claim for the balance due on a promissory note, together with interest and reasonable attorney's fees. The defendants have appealed from the judgment of the trial court which added interest to the judgment pursuant to General Statutes § 52-192a.[1] We find no error.

---

[1] "[General Statutes] Section 52-192a. OFFER OF JUDGMENT BY PLAINTIFF. ACCEPTANCE BY DEFENDANT. COMPUTATION OF INTEREST. (a) After commencement of any civil action based upon contract or for the recovery of money only, the plaintiff may before trial file with the clerk of the court a written 'offer of judgment' signed by him or his attorney, directed to the defendant or his attorney, offering to settle the claim underlying the action and to stipulate to a judgment for a sum certain. The plaintiff shall give notice of the offer of settlement to the defendant's attorney, or if the defendant is not represented by an attorney, to the defendant himself. Within thirty days after being notified of the filing of the 'offer of judgment,' the defendant or his attorney may file with the clerk of the court a written 'acceptance of offer of judgment' agreeing to a stipulation for judgment as contained in plaintiff's 'offer of judgment.' Upon such filing, the clerk shall enter judgment immediately on the stipulation. If the 'offer of judgment' is not accepted within thirty days, the 'offer of judgment' shall be

The promissory note was dated April 28, 1982, in the original principal amount of $82,559. The note provided for annual interest in the amount of 12 percent and reasonable attorney's fees in the event the promissor defaulted on the note. At the time of trial the principal balance due was $48,909 together with unpaid interest from June 1, 1983.

On February 5, 1985, the plaintiff filed an "offer of judgment" in the amount of $48,000. The offer, which was filed within eighteen months of the filing of the complaint, was not accepted by the defendants. On February 8, 1989, a judgment in the amount of $92,583.94 was rendered in favor of the plaintiff based on a jury verdict received and accepted on January 20, 1989. The defendants did not request that interrogatories be submitted to the jury for the purpose of determining how the jury arrived at this amount. The defendants did not move to set aside the verdict and have not appealed that judgment.

considered rejected and not subject to acceptance unless refiled. Any such 'offer of judgment' and any 'acceptance of offer of judgment' shall be included by the clerk in the record of the case.

"(b) After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment,' the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

After judgment was rendered, the court granted the plaintiff's motion for interest on its offer of judgment pursuant to General Statutes § 52-192a and awarded interest at the rate of 12 percent per annum from February 14, 1984, the date the plaintiff's complaint was filed, to February 8, 1989, the date that judgment was rendered. The court's interest award was in the amount of $55,364.65, bringing the total amount awarded to the plaintiff to $147,948.59.

The defendants have appealed from that order and claim that the trial court erred in its award of interest because the total damages awarded by the jury do not specifically distinguish a separate amount for principal due on the note, interest accrued on the note, and reasonable attorney's fees. It is the defendants' assertion that the court cannot add interest on a promissory note that already provides interest. We do not agree.

The court, by modification of judgment, awarded additional interest pursuant to General Statutes § 52-192a (b). This award is punitive in nature and authorized by legislation enacted to promote fair and reasonable compromise of litigation without trial. *Crowther* v. *Gerber Garment Technology, Inc.*, 8 Conn. App. 254, 267, 513 A.2d 144 (1986). Interest awarded pursuant to § 52-192a (b) may apply to a judgment that includes attorney's fees and interest. Id; see also *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 280, 472 A.2d 306 (1984) (*Gionfriddo I*), and *Gionfriddo* v. *Avis Rent A Car System, Inc.*, 192 Conn. 301, 472 A.2d 316 (1984) (*Gionfriddo II*).

The plain language of § 52-192a (b) specifies that "the court shall add to the amount so recovered twelve per cent annual interest on said amount . . . ." This court has stated in the past that " '[w]here the legislative intent is clear and unambiguous, there is no need for statutory construction or a review of the legislative his-

tory. . . . The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms.' " *Lee* v. *Tufveson,* 6 Conn. App. 301, 304, 505 A.2d 18, cert. denied, 199 Conn. 806, 508 A.2d 31 (1986), quoting *Federal Aviation Administration* v. *Administrator,* 196 Conn. 546, 550–51, 494 A.2d 564 (1985).

There is no error.

In this opinion the other judges concurred.