[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 25, 1990, the plaintiff Northeast Savings, F.A. filed a complaint alleging that the defendants Kenneth Schwartz and Leonard Ginsberg failed to pay money due under two demand promissory notes. On June 28, 1990, the defendants filed an answer and counterclaim. On August 14, 1990, the defendants filed and amended answer which added three special defenses. The plaintiff filed a response thereto on August 17, 1990. On September 7, 1990, plaintiff filed an offer of judgment which the defendants did not accept. On October 3, 1990, the plaintiff filed an objection to plaintiff's motion for summary judgment together with a memorandum of law in support of that objection. On October 22, 1990, the plaintiff's motion for summary judgment as to liability was granted by the court (Clark, J.)
On March 6, 1991, the plaintiff filed a "claim for additional interest pursuant to the offer of judgment" of September 7, 1990 as provided for in Conn. Gen. Stat.52-192a(b) and Conn. Practice Book 350. A hearing was held on April 30, 1991 before this court, at which the defendants objected to said claim. The plaintiff's claim for additional interest is presently before this court. CT Page 5339
The plaintiff claims additional interest pursuant to Conn. Gen. Stat. 52-192a(b) and Conn. Practice Book 350. The plaintiff claims the following in its "Claim for Additional Interest Pursuant to Offer Judgment" dated March 26, 1991. On September 7, 1990, the plaintiff filed a written offer of judgment in the amount of $380,000.00 which the defendants did not accept.
The plaintiff is seeking judgment in the total amount of $454,038.17 in accordance with an attached affidavit of debt. The plaintiff contends that if judgment is entered in am amount equal to or greater than $380,000.00, the plaintiff is entitled to additional interest at the rate of twelve percent on the entire judgment from the date the complaint was filed. The plaintiff claims the complaint was filed on April 17, 1990. However, the writ summons and direction for garnishment to which is attached the complaint is date stamped filed April 25, 1990.
The plaintiff contends that the interest should be calculated on the entire judgment including the parts of the judgment that represent interest on the promissory notes and attorney's fees.
Conn. Gen. Stat. 52-192a(b) "requires the court, when `the plaintiff has recovered an amount equal to or greater than the sum certain stated in his "offer of judgment,"' to `add to the amount so recovered twelve percent annual interest on said amount . . . .'" Civiello v. Owens-Corning Fiberglass Corporation, 208 Conn. 82, 90 (1988), quoting Conn. Gen. Stat.52-192a(b) (emphasis added). The interest "shall be computed from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint." Conn. Gen. Stat. 52-192a(b).
The Connecticut Appellate Court has described Conn. Gen. Stat. 52-192a as follows;
 The interest awarded under 52-192a is unrelated to the underlying debt. It is solely related to a defendant's rejection of an advantageous offer to settle before trial and his subsequent waste of judicial resources. A defendant who rejected an offer of judgment that is less than the plaintiff's ultimate recovery is subject to additional interest as a penalty for failing to terminate litigation. Section 52-192a merely uses interest calculated upon the plaintiff's recovery as a CT Page 5340 convenient measure for assessing that penalty.
Paine Webber Jackson Curtis, Inc. v. Winters, 22 Conn. App. 640,654 (1990).
The case of Edward Denike Tree Co. v. Butler, 21 Conn. App. 366
(1990), involved a plaintiff's claim fm for the balance due on a promissory note, together with interest and reasonable attorney's fees. The Connecticut Appellate Court found that the trial court properly added interest to the judgment pursuant to Conn. Gen. Stat. 52-192a. Edward Denike,21 Conn. App. at 367. The total damages awarded by the jury did not distinguish the amounts awarded for principal due on the note, interest accrued on the note, or attorney's fees. Edward Denike, 21 Conn. App. at 369. The defendants argued that the court could not add interest on promissory note that already provided for interest. Edward Denike,21 Conn. App. at 369. The court disagreed and concluded: "Interest awarded pursuant to 52-192a(b) may apply to a judgment that includes attorney's fees and interest." Edward Denike,21 Conn. App. at 369 (citations omitted). See also Paine Webber Jackson 
Curtis, Inc. v. Winters, 22 Conn. App. 653 (1990); Gillis v. Gillis, 21 Conn. App. 549, 553-55 (1990).
In the case at hand the interest awarded pursuant to Conn. Gen. Stat. 52-192a(b) should be calculated on the entire judgment including attorney's fees and interest.
O'CONNOR, JUDGE