[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
This matter went to judgment for $3621.10 on May 30, 1991. Two matters were left open for subsequent adjudication, the amount of attorneys' fees to be awarded under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. 42-110a et seq., and the calculation of interest on the damages awarded. Further hearing was held on both issues, which are now ready for determination by the court. CT Page 5729
The court awards the plaintiffs the sum of $1207.03 as attorneys' fees under CUTPA. Plaintiffs' counsel has conceded that his fee agreement with the plaintiffs was for a one-third contingent fee and the court award of attorneys' fees equals one-third of the damages awarded. The plaintiffs' request for attorneys' fees in the amount of $8290.50, calculated on an hourly basis, cannot be approved. In Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 718 (1974), the court ruled "In no event, however, should the litigant be awarded a fee greater than he is contractually bound to pay. . . ." The plaintiffs agreed to pay their attorney a one-third contingency fee. The court will not punish the defendants by awarding a fee which is higher than the fee for which the plaintiffs and their attorney contracted.
Because a portion of the damages awarded was a $1600. security deposit and because the plaintiffs filed an offer of judgment in this action, which was not accepted by the defendants, the calculation of interest due the plaintiffs involves the application of statutes providing for differing rates of interest. After reviewing all of the applicable interest statutes, interest is awarded in two respects.
First, interest is awarded on the $1600.00 security deposit from July 28, 1988, when the deposit was made, to November 28, 1989, when this suit was brought, at the rate of 5.25% as provided in Conn. Gen. Stat. 47a-21 (i). This totals $112.00.
As a result, the plaintiffs' total recovery in this matter is $4940.13, which is comprised of $3621.10 damages, $1207.03 attorneys' fees and $112.00 interest on the security deposit. On October 19, 1990, less than one year after suit was filed, the plaintiffs filed an offer of judgment for $2,000. The defendants failed to accept the offer. Therefore, pursuant to Conn. Gen. Stat. 52-192a(b), the plaintiffs are entitled to 12% annual interest on the total recovery of $4940.13 from the date the complaint was filed until the date of judgment, May 30, 1991. This totals $895.04. In calculating this interest, the court has relied on Crowther v. Gerber Garment Technology Inc., 8 Conn. App. 254
(1986); Edward Denike Tree Co. v. Butler, 21 Conn. App. 366
(1990) and Gillis v. Gillis, 21 Conn. App. 549 (1990).
The plaintiffs have asked the court for an additional award of interest on the security deposit at 10% pursuant to Conn. Gen. Stat. 37-3a. By its express terms, this statute does not apply where an offer of judgment is made. Interest under 37-3a prior to suit is discretionary with the court and the court declines to award interest in light of the applicability of the security deposit interest statute and the facts and circumstances of this case. CT Page 5730
A supplemental judgment is entered in accordance with this memorandum of decision.
Vertefeuille, J.