[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON PLAINTIFF'S OFFER OF JUDGMENT AND DEFENDANT'S OBJECTION THERETO
The plaintiff presented an Offer of Judgment to the defendant dated August 23, 1991.
The defendant filed his Objection to the Offer of Judgment, dated November 8, 1991.
The objection to the Offer of Judgment is based upon the claim that section 52-192a(b) Conn. Gen. Stat., the statute which permits the Offer of Judgment, is unconstitutional. CT Page 995
Connecticut General Statutes section 52-192a provides that where an offer of judgment is made, and such offer is declined, a 12% interest rate from the date the complaint is filed will apply to the eventual amount of recovery if such damages exceed the amount of the offer of judgment.
The defendant first claims that section 52-192a is unconstitutional in that it denies access to the courts. The defendant contends that such access to the courts can be limited only by a compelling state interest. Access to the courts "can be shaped and guided by the state . . . but cannot be obstructed." See Morello v. James, 810 F.2d 344, 346-47 (2nd Cir. 1987). The defendant herein is vigorously litigating his defense herein. Thus, his access to the courts has not been denied. Since section 52-192a only shapes and guides, but does not deny access to the courts, it is constitutional.
Secondly, even if access to the courts were denied, in this instance, only a rational justification for the statute would be necessary for the statute to pass constitutional muster. See United States v. Kras, 409 U.S. 434, 446 (1973). In a divorce action access to the courts is fundamental such that denial of such access requires a compelling state interest. Boddie v. Connecticut, 401 U.S. 371 (1971). However, the government's control over the establishment, enforcement or dissolution of debts is not nearly so exclusive as the government's control over the marital relationship. Kras, 409 U.S. at 445. The exclusiveness of the court system as a remedy, which was a potent factor in Boddie, does not exist in cases where a mere economic interest is involved. Kras, 409 U.S. at 445. Therefore, where a statute inhibits access to the courts for the resolution of an economic matter (e.g. debt collection), a rational justification of the statute defeats a constitutional challenge. Id. at 446. The rationale for section 52-192a is that it was "enacted to promote fair and reasonable compromise of litigation without trial." Edward Denike Tree Co. V. Butler,21 Conn. App. 366, 369 (1990). Such a justification is rational and section 52-192a is therefore constitutional.
The defendant further claims that the mandatory nature of the interest penalty imposed by section 52-192a is a violation of the defendant's procedural due process rights since the penalty can be imposed without a hearing. In ruling upon whether mandatory prejudgment interest was a violation of due process, a federal court has held that there is "no constitutional infirmity in the statute." Roy v. Star Chopper Co. Inc., 584 F.2d 1124, 1136 (1987). This conclusion is also reached by this court. CT Page 996
Therefore, the court finds for the above reasons section52-192a Conn. Gen. Stat., the offer of judgment statute, is constitutional.
The defendant's objection to the plaintiff's offer of judgment is overruled.
JULIUS J. KREMSKI, STATE TRIAL REFEREE CT Page 997