[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION TOTAL JUDGMENT AND COSTS
On March 3, 1993, the court, Hurley, J., entered judgment for the plaintiffs in the amount of $100,000 plus interests and costs. The present motion before the court is the plaintiffs' postjudgment motion for finding as to interest and calculations of total judgment and costs.
In the underlying action, the plaintiffs, Larry and Billie Stripling, sought payment from the defendant, New England Savings Bank, on a Certificate of Deposit ("CD") with the maturity date of March 6, 1981. The plaintiffs' made a demand for payment by presenting the CD to the defendant on or around June 1, 1990. The defendant refused to make payment. The CD stated "Certificate must be endorsed and surrendered for payment."
The plaintiffs' seek prejudgment interest in the amount of ten percent from the date of demand pursuant to General Statutes 37-3a. As the plaintiffs made an offer of judgment in the amount of $105,000 on August 13, 1991, they also seek interest from May 1, 1991, the date they filed their complaint, pursuant to General Statutes 52-192a.
The defendant filed a memorandum in opposition to the plaintiffs' motion in which it argues that: 1) the plaintiffs are not entitled to prejudgment interest pursuant to General Statutes 37-3a because the plaintiffs did not distinctly raise the issue at trial; 2) the plaintiffs are not entitled to prejudgment interest because the amount for which the defendant is liable was not "wrongfully withheld;" and 3) the plaintiffs are not entitled to interest pursuant to General Statutes 52-192a because the offer of judgment exceeded the actual judgment.
 a. Whether the issue of prejudgment interest was raised at trial.
The defendant argues that the plaintiff is not entitled to prejudgment interest because it did not distinctly raise the issue at trial. The defendant's argument is erroneous because the court finds that the issue was raised at trial. Furthermore, the cases the defendant cites in its brief in support of this contention address the issue of the trial record necessary for appellate review. They did not address the issue of the requisite evidentiary CT Page 4074 proof at trial to claim interest pursuant to General Statutes37-3a.
 b. Interest from the date of demand — prejudgment interest.
General Statutes 37-3a provides in pertinent part that interest may be recovered at the rate of ten percent per year "as damages for the detention of money after it becomes payable . . . ." The issue for the trial court to determine is "whether the money involved is `payable' and whether the money was `wrongfully' withheld." (Internal citations omitted.) Buell v. American Universal Ins. Co., 224 Conn. 766, ___ A.2d ___ (1993). Whether the court should allow prejudgment interest is wholly within the discretion of the trial court and is primarily an equitable determination. Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681,701-02, 590 A.2d 957 (1991). "The determination is one to be made in view of the demands of justice rather than through the application of any arbitrary rule." (Internal quotations and citations omitted.) Id., 702.
At the trial the plaintiffs presented evidence that they made a demand upon the defendant for payment of a CD by presenting the CD to the defendant. The CD stated on its face "Certificate must be endorsed and surrendered for payment." After reviewing the evidence at trial, this court determined that the plaintiff was entitled to payment of the CD.
The court hereby finds that the defendant wrongfully withheld money to which the plaintiffs were entitled and, accordingly, awards the plaintiffs prejudgment interest pursuant to General Statutes 37-3a.
 c. Interest from the date of the offer of judgment.
The judgment of $100,000 plus one month interest on the CD, $1,313.19, and 10% from the date of demand totals $126,138.80.
The plaintiffs filed an offer of judgment with the court on August 13, 1991 in the amount of $105,000. As the judgment, including prejudgment interest exceeds $105,000, CT Page 4075 the plaintiffs are entitled to interest at the rate of twelve percent from the date of the filing of the complaint, May 1, 1991, pursuant to General Statutes 52-192a. See Camp, Dresser and McKee v. Technical Design Assoc., 937 F.2d 840
(2nd Cir. 1991), citing Edward Denike Tree Co. v. Butler,21 Conn. App. 366, A.2d (1990).
Furthermore, the court hereby awards attorney's fees in the amount of $350.00 and costs of $294.00.
d. Conclusion.
The plaintiffs therefore are entitled to the judgment in the amount of $100.00, plus one month interest on the CD in the amount of $1,313.19, total $101,313.19.
In addition they are awarded 10% interest on this amount from the date of the demand, August 2, 1990 to the date of judgment, March 3, 1993, $101,313.19 X 10% X 2.58 years = $26,138.80 for a total judgment of $127,451.99.
Because the judgment of $127,451.99 exceeds the offer of judgment in the amount of $105,000, the plaintiffs are also entitled to 12% interest from the date of the filing of the complaint, May 5, 1991, to the date of judgment, March 3, 1993, $127,451.99 X 12% X 1.84 years = $28,141.40, in addition to the judgment of $127,451.99 for a grand total of $155,593.39.
The plaintiff is also awarded counsel fees of $350.00 and costs of $294.00.
Hurley, J.