[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY JUDGMENT PURSUANT TO 52-192a C.G.S.
The plaintiff has moved to modify the judgment entered in this case in accordance with 52-192a and (b) of the Connecticut CT Page 1765 General Statutes the pertinent part of which reads as follows:
 "After trial the court shall examine the record to determine whether the plaintiff made an `offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment' the court shall add to the amount so recovered twelve percent annual interest on said amount computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint. . . . The court may award reasonable attorneys fees in an amount not to exceed three hundred and fifty dollars and shall render judgment accordingly . . . ."
An examination of the file discloses an "offer of judgment" filed on April 5, 1993 and the complaint was filed on November 15, 1991. The "offer of judgment" was filed less than eighteen months after the filing of the complaint. Although the defendant raises some question about service of the "offer of judgment" the file discloses compliance with all the requirements of 52-192a. The file contains an offer of judgment filed with the court on April 5, 1993 in the amount of $64,995.00 with a postal return receipt signed by the defendants' attorney, for the "offer of judgment", which was sent to him by the plaintiff's attorneys. The plaintiff recovered a judgment, on the first count after a lengthy trial, which included the settlement of one mechanics lien in the amount of $50,000; a second mechanics lien settlement of $15,000; attorneys fees for handling those cases in the amount of $32,058.68; and attorneys fees of $37,489.00 in the instant case, a total of $134,547.68 on which the court ordered regular statutory interest on those amounts as stated in the decision on the first account against the defendant John A. Simonetti only. On the second count of fraud, against both defendants a judgment CT Page 1766 was entered in the amounts of $65,000 (both liens) and $32,058.60 a total of $97,058.68 together with interest as stated in the decision. On the third count under CUTPA the court found against both defendants in the same amount as count one i.e. $134,547.68 and ordered interest as stated in the decision.
The plaintiff's motion based on 52-192a and (b) has merit: it made an offer of judgment within eighteen months of the filing of the complaint, served it in accordance with the statute and the file shows no offer of acceptance. The defendants claim, that the last sentence of the memorandum decided the issue, raised in this motion, is a misconception of the decision. The court in that sentence was stating that the plaintiff could recover on the judgment on all three counts, however it could not recover an amount exceeding that amount stated in either counts one or three. The plaintiff is entitled to recover under 52-192a and (b) twelve percent interest on the judgment entered on each count from the date of filing of the complaint to the date of payment. The amount of interest is to be computed on the amount of each judgment awarded together with the interest which the court has previously ordered in the judgment. The amount recovered in the judgment has hereinbefore been stated and includes attorneys fees and interest upon which the twelve percent is to be applied. See Edward Denike Tree Co. v. Butler, 21 Conn. App. 366,369.
The plaintiff's request for attorneys fees of $350.00 is denied since they are discretionary with the court inasmuch as the statute allowing them uses the word may. The court has previously awarded substantial attorneys fees in two separate amounts. Costs requested by the plaintiff should first be assessed by the Clerk.
The plaintiff's motion is granted in accordance with the foregoing.
IRVING LEVINE, S.T.R.