**Robert PAETZ, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 88–7404.

United States Court of Appeals, Eleventh Circuit.

March 16, 1989.

Robert Sellers Smith, Bradley, Arant, Rose & White, Huntsville, Ala., for plaintiff-appellant.

Frank W. Donaldson, U.S. Atty., Herbert J. Lewis, III, Asst. U.S. Atty., Birmingham, Ala., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

The facts, history, and contentions of the parties in this case are reported in *Paetz v. United States*, 795 F.2d 1533 (11th Cir. 1986). In that opinion, we reversed the district court's determination that it lacked subject matter jurisdiction.

Following our remand, the district court conducted a bench trial May 10–12, 1988. At the conclusion of the bench trial, the district court entered judgment against the appellant. In so doing, based upon the administrative record, the district court rejected the appellant's claims that the government had unreasonably delayed adjudication of his claims and that the administrative agencies had failed to follow procedural regulations. We find no error in these rulings.

Based upon trial evidence, the district court also rejected the appellant's age discrimination claim. In doing so, the district court placed emphasis upon the fact that the incumbent holding position 11408, the position to which the appellant asserts that he should have been assigned, was older than the appellant. The appellant urges that we reverse the district court because the district court placed undue emphasis on the age of the incumbent to defeat his age discrimination claim.

The parties agree that the standard of review on the age discrimination claim is the "clearly erroneous" standard. The fact that the incumbent in position 11408 was older than the appellant seriously undermines any inference that the decision not to place the appellant in that position was based upon an intent to discriminate because of age. Several circuits have held that replacement of a plaintiff by someone older suggests that no age discrimination exists. *See Palmer v. United States*, 794 F.2d 534, 537 (9th Cir.1986) (citing *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1013 n. 9 (1st Cir.1979)). Logic supports such an inference. Although appellant argues that the district court placed undue emphasis on the age of the incumbent, according to the record, the district court based its decision on "the entirety of the evidence, giving weight and attention to the statistical evidence and the circumstantial evidence" as well as to "the explanations by many who were involved in the decision." Record 2–17. On a review of the record, we are not "left with the definite and firm conviction that a mistake has been committed." *Duncan v. Poythress*, 657 F.2d 691, 708 (5th Cir. Unit B 1981), (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).

Accordingly, the district court is affirmed.

AFFIRMED.