[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (NO. 118)
On February 11, 1991, the plaintiff, Merchants Bank and Trust Company (MBTC), filed a two count complaint. The first count is directed against defendants Woodlake Partnership (Woodlake), Debbie Katz (Katz) and Walter Baum (Baum). The plaintiff alleges that on November 12, 1985, Woodlake executed a demand note in favor of MBTC in the amount of $100,000.00 with interest payable monthly. MBTC alleges that no interest payment due on August 12, 1990, and each month thereafter, has been made. Moreover, the plaintiff alleges that, despite demands, the defendants have refused or neglected to make payments upon the note.
The second count of the complaint is directed against defendants Katz and Baum as guarantors of the demand note executed by Woodlake. The plaintiff alleges that on November 12, 1985 defendants Katz and Baum executed a guarantee, in favor of MBTC, on the obligation of Woodlake. The plaintiff alleges that, despite demand upon the guarantors Katz and Baum, payments have not been made.
On May 10, 1991, the plaintiff filed a motion to substitute the Federal Deposit Insurance Corporation (FDIC), receiver for MBTC, as substitute plaintiff. On June 19, 1992, Baum filed a revised answer and special defense alleging that the FDIC's predecessor in interest, MBTC, agreed to release and discharge Baum from any liability under the purported guaranty. The defendant Baum alleges that such release agreement was partly written and CT Page 827 partly oral. On July 20, 1993, the plaintiff FDIC filed a motion for summary judgment together with a memorandum of law and an affidavit. A supplemental affidavit in support of the motion for summary judgment was filed on December 1, 1993. On October 14, 1993, the defendant Baum filed a memorandum objecting to plaintiff's motion for summary judgment.
Summary judgment should be granted if the pleadings, affidavits and other proof show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 384; see also Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 592 (1991). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any general issue of material fact." (Citations omitted.) State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988).
It is unclear whether the plaintiff's motion seeks summary judgment on the complaint or on the defendant's special defense. The plaintiff's memorandum is addressed primarily to the defendant's special defense. The plaintiff argues in its memorandum that the defendant Baum's special defense of release and discharge from liability under the guarantee by virtue of a partly written, partly oral agreement is barred by the D'Oench Duhme doctrine and 12 U.S.C. § 1823 (e).
In response, defendant Baum argues that plaintiff's affidavit addresses only the defendant's special defense. However, in the memorandum in opposition to the plaintiff's motion, the defendant concedes that he "has no objection to judgment entering in plaintiff's favor on the special defenses . . . ." (Defendant's Memorandum, p. 2). Instead, defendant Baum claims that there remains material issues of fact with regard to the complaint which demonstrate that the plaintiff is not entitled to judgment on the complaint.
Regardless of the defendant's apparent waiver of an objection to plaintiff's motion for summary judgment as it relates to the defendant's special defense, it is necessary to address the special defense in order to demonstrate that there is no genuine issue of material fact as to the plaintiff's complaint.
The Superior Courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book 379 makes no provision for it. See CT Page 828 Benjamin v. Nunes, 9 Conn. L. Rptr. 143 (May 21, 1993, McDonald, J.) and the cases cited therein. However, in Danbury Savings and Loan Assn., Inc. v. Natale, 7 CSCR 1286 (October 23, 1992, Fuller, J.), the court, relying on the D'Oench Duhme doctrine, granted the plaintiff's motion for summary judgment which was directed against the defendant's special defenses.
"Pursuant to the common law D'Oench Duhme doctrine, as codified in 12 U.S.C. § 1823 (e), the defendants are barred from defending or counterclaiming in any action by the FDIC as receiver based upon any unrecorded agreement separate from the note." Federal Deposit Insurance Corp. as Receiver of Community National Bank v. Blonder, 8 CSCR 590, 591 (April 28, 1993, Klaczak, J.). See also Connecticut Bank Trust Co. v. Lee, 7 CSCR 1137 (October 19, 1992, Ryan, J.); Danbury Savings and Loan Assn., Inc. v. Natale, supra, and the cases cited therein. As codified, 12 U.S.C. § 1823
(e) provides in relevant part:
 No agreement which tends to diminish or defeat the interest of the Corporation [FDIC] in any asset acquired by it . . . either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously, from the time of its execution, an official record of the depository institution.
The D'Oench Duhme doctrine has been recognized and consistently applied by the courts to bar defenses, claims and counterclaims asserted against the FDIC which are premised on unrecorded agreements or implied agreements based on representations between a bank and its customers which alter the express terms of official bank records. Federal Deposit Ins. Corp. v. Moreau, Superior Court, Judicial District of New Haven, Docket No. 358731 (January 22, 1992). CT Page 829
"When a motion for summary judgment is supported by affidavits and other documents, an adverse party, by affidavit or as otherwise provided by [Practice Book] 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11, 12, 459 A.2d 115 (1983). "Mere assertions of fact, whether contained in a complaint or in a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380." Id., 12.
In the present action the plaintiff has submitted an affidavit of Harvey D. Morrison, account officer with the FDIC, in which it is alleged that a review of the records of Merchants Bank Trust Co., including minutes of the board of directors, reveals nothing to indicate the existence of either an oral or written agreement to release the defendant Baum from any liability under the guarantee at issue. (Plaintiff's Memorandum, Affidavit, para. 6). The defendant Baum supplies no evidence to buttress its special defense that a partly written, partly oral release from the guaranty was entered into between Baum and the FDIC's predecessor in interest, Merchants Bank Trust Company.
Pursuant to the D'Oench Duhme doctrine and the representations contained within the affidavit filed in support of the motion for summary judgment, no issue of material fact exists as to defendant's liability under the guarantee for defendant Woodlake's demand note. Therefore, the special defense interposed by the defendant fails to create a genuine issue of material fact.
A demand note "as between the maker and payee is due and payable immediately after delivery and without demand. As between the immediate parties to the note, it is an acknowledgment by the maker that a certain sum is due from him to the payee at the date of the note, and that the latter is entitled to payment of it immediately." (Citation omitted.) Savings Bank of New Britain v. Thomaston Savings Bank v. Warner, 144 Conn. 97, 101, 127 A.2d 495
(1956). "The guarantors bec[o]me liable to pay the note without demand upon the maker or notice of default. . . . This rule is in accord with the great weight of authority." Savings Bank of New Britain v. Weed, supra, 420.
The demand note at issue in the instant matter states in CT Page 830 relevant part:
 We have the right to charge any of your deposit accounts with us or any other of your property in our possession in payment of the amount due on this note.
 We do not have to give you notice before doing this.
 You will be in default if: 1) you do not pay this note when due. . . . If you are in default, any money you owe us, including this note, shall become immediately due and payable.
The guarantors' agreement at issue in the instant matter states in relevant part:
 Each guarantor is responsible, individually and together, for paying the obligation in the terms of the note agreement. This responsibility exists without notice of any default or demand for payment.
The guarantors' agreement at issue bears the signatures of both defendants Katz and Baum.
In the present matter the plaintiff's documentary support demonstrates that the defendant Baum signed an agreement guaranteeing the payment of a demand note to defendant Woodlake. Moreover, a supplemental affidavit of Harvey Morrison, credit specialist for the FDIC, demonstrates that the defendant Woodlake defaulted on the demand note despite demand being made upon the defendants Woodlake, Baum and Katz. (Plaintiff's Memorandum, Supplemental Affidavit, paras. 1-8). The defendant Baum provides no evidence to contradict the documentary evidence and affidavits presented by the plaintiff. No genuine issue of material fact exists as to the liability of the defendant Baum under the guarantor's agreement.
Based on the foregoing, no genuine issue of material fact exists as to the allegations of the plaintiff's complaint. The plaintiff's motion for summary judgment is granted.
JOHN W. MORAN, JUDGE CT Page 831