[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
FACTS
The present action arises out of an oral lease entered into between the plaintiff's predecessor in interest and the defendant, John Sapiro, involving real property located at 83 Mansfield Road, Unit 317, New London, Connecticut. The lease was entered into in September, 1989. Subsequent thereto, the plaintiff's predecessor in interest assigned the right to receive and collect all rents to the plaintiff, SI Development Corporation. The defendant failed to pay the full monthly rents due in accordance with the lease agreement for the period May, 1990 through December 31, 1991.
On February 8, 1993, the plaintiff filed a two-count complaint alleging claims for unpaid rents and late charges. On April 23, 1993, the plaintiff filed an amended complaint alleging the same claims for unpaid rents and late charges. On May 17, 1993 the defendant filed an answer and eight special defenses alleging the plaintiff is barred from recovering rents due during the period when the property was being foreclosed on, the plaintiff is a foreign corporation and has failed to obtain a certificate of authority in violation of General Statutes 33-396 and 33-505, waiver, accord and satisfaction, laches, statute of limitations, a set-off due to violations of 47a-21, and that the defendant was relieved of any obligation to pay rent due to violations of General Statutes 47a-7(a), respectively. In addition, the defendant filed a two-count counterclaim alleging that the plaintiff failed to return the defendant's security deposit in violation of General Statutes 47a-21 and violations of the Connecticut Unfair Trade Practices Act.
On December 30, 1993, the plaintiff filed a motion for summary judgment as to the defendant's second special defense along with a memorandum in support thereof. On January 14, 1994, the defendant filed a memorandum of law in opposition to the plaintiff's motion for summary judgment.
DISCUSSION
The plaintiff moves for summary judgment on the defendant's second special defense on the ground that the plaintiff is exempt from securing a certificate of authority under General Statutes 33-396 and 33-397(a). However, the CT Page 2713 majority of superior court decisions have held that a motion for summary judgment on a special defense is improper. See Benjamin v. Nunes, 9 Conn. L. Rptr. 143 (May 21, 1993, McDonald, J.); Quinones v. New Britain Housing Authority,7 Conn. L. Rptr. 507 (October 29, 1992, Wagner, J.); Espowood v. Springfield Terminal Railway Company, 7 Conn. L. Rptr. 147
(July 28, 1992, Maiocco, J.); Danziger v. Shakaitis,7 CSCR 865 (June 23, 1992, Austin, J.); Carothers v. Capozziello,3 Conn. L. Rptr. 341 (March 14, 1991, Hennessey, J.); Ferryman v. Groton, 4 Conn. L. Rptr. 213 (July 1, 1991, Hurley, J.); Rogers v. Daley Development Co., Inc., 3 Conn. L. Rptr[.] 76 (December 19, 1990, Pickett, J.); H.R. Hillary Co. v. Crystal Mall Associates, 2 CSCR 324 (February 11, 1987, Koletsky, J.); but see Danbury Savings Loan Association v. Natale,7 CSCR 1286 (October 23, 1992, Fuller, J.) (allowed to challenge legal sufficiency of special defenses); People's Bank v. BMI Industries, Inc., 3 CSCR 450 (April 26, 1988, Hennessey, J.) The courts have reasoned that "Practice Book 379 permits summary judgments as to complaints, counterclaims or cross-complaints, but makes no provisions for summary judgments on special defenses." (Citations omitted.) Quinones v. New Britain Housing Authority, supra, 507. The court will follow the reasoning of the majority of the superior court decisions. Accordingly, the plaintiff's motion for summary judgment is improper and is hereby denied.
Hurley, J.